

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:15-cr-178 |
| | ) |
| HAROLD BAILEY GALLISON, II, | ) |
| a/k/a "B.J. Gallison," | ) |
| a/k/a "Bart Williams," | ) |
| | ) |
| Defendant. | ) |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on December 10, 2015, the defendant, Harold Bailey Gallison, II, a/k/a "B.J. Gallison, a/k/a "Bart Williams," pled guilty to Count One of the indictment charging the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, Count Three of the indictment charging the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and Count Five of the indictment charging the defendant with money laundering conspiracy, in violation of Title 18, Untied States Code, Section 1956(h), and agreed to the entry of a money judgment in the amount of $1,724,770, and the forfeiture of all fraud-related assets that are traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offenses, including but not limited to certain bank accounts specified in the plea agreement;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   The United States of America shall have a money judgment for $1,724,770 against the defendant, Harold Bailey Gallison, II, pursuant to Fed. R. Crim. P. 32.2(b)(1), and 18 U.S.C. § 981 (a)(1)(C), 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), an amount that represents the illegal proceeds that the defendant obtained from participation in the conspiracy to commit wire fraud and money laundering in violation of 18 U.S.C. § 1343, 18 U.S.C. § 1349, and 18 U.S.C. § 1956(h), the offenses of conviction, and an amount for which the defendant shall be solely liable.

2.   The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3.   In partial satisfaction of the money judgment, the following property shall be forfeited to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) , 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c) or 21 U.S.C. § 853(p), as property that is traceable to, derived from, fungible with or a substitute for property that constitutes the illegal proceeds of the conspiracy to commit wire fraud and money laundering, in violation of 18 U.S.C. § 1343, 18 U.S.C. §1349 and 18 U.S.C. §1956(h), the offenses of conviction:

(a)   California Bank & Trust account no. 2280185891, held in name "Faith Services, Inc.";

(b)   California Bank & Trust account no. 2280588236, held in name "Harold Gallison";

(c)   California Bank & Trust account no. 2280186191, held in name "Valley Shores,Ltd.";

(d)   Citibank, NA, account no. 42006715785, held in name "Harold B. Gallison";

(e)   Comerica Bank account no. 1894767159, held in name "Faith Services, Inc.";

(f)   First Republic Bank account no. 8000073801, held in name "Faith Services, Inc.";

(g)   JP Morgan Chase Bank account no. 824950497, held in name "Faith Services, Inc.";

(h)   JP Morgan Chase Bank account no. 4941084850, held in name "Valley Shores, Ltd.";

(i)   Wells Fargo Bank account no. 3060567214, held in name "Valley Shores, Ltd."; and

(j)   Wells Fargo Bank account no. 1904270814, held in name "Stix Pix, Inc."

4.   The Attorney General, Secretary of the Treasury, The Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5.   The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

3

6.    This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. § 853(a).

7.    Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8.    If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9.    If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Dated this _18_ day of March 2016.

/s/

Anthony J. Trenga
United States District Judge

4

WE ASK FOR THIS:

Dana J. Boente
United States Attorney


By: _____

Kosta Stojilkovic
Assistant United States Attorney


_____

Harold Bailey Gallison, II
Defendant


_____

Patrick Q. Hall, Esq.
Counsel for the Defendant

5